LIGHT, APPELLANT, *v.* PRESSEY, ET AL., RESPONDENTS.

[Submitted May 6, 1896.  Decided May 18, 1896.]

ACTION TO QUIET TITLE—*Jurisdiction—Sufficiency of complaint.*—In an action to quiet title by the holder of a tax deed, it is error for the court to refuse to consider the complaint on the ground that the facts alleged were not sufficient to confer jurisdiction, where the complaint was not attacked by demurrer, and it appeared that the action was not commenced until after the time for redemption had passed and that summons was regularly served.

*Appeal from Seventh Judicial District, Custer County.*

ACTION to quiet title. An order was made by MILBURN, J., refusing to entertain the action for want of jurisdiction. Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff pleads that he is the owner of lots 9 and 10 in block 66 of Miles City; that he became the owner of said lots on March 3, 1894, by tax deed duly made and executed, and delivered to plaintiff, by the treasurer of Custer county. The tax deed is made part of the complaint. It contains recitals to the effect that the property was assessed for 1891 to defendant Pressey, and that the tax levied for that year was $12.75; that the taxes were not paid, and that the county treasurer in December, 1891, pursuant to law, published the delinquent list of the persons owing taxes to Custer county, which list included the lots involved; that the list was published as required by law, and that at public sale, held in manner provided by statute, on February 5, 1892, the said lots were sold to pay taxes, and that plaintiff was the bidder, and paid the full amount of taxes, costs, and charges, and became the purchaser of the lots aforesaid; that no one had redeemed the property within the time allowed by law for its redemption, and that the purchaser was entitled to a deed on and after February 5, 1894 (said date being two years after the date of the sale and of the certificate of sale); that the plaintiff, as

purchaser, 30 days' previous to applying for the deed, posted on the property described, as required by law, a written notice to the effect that the lots had been sold for delinquent taxes on February 5, 1892, and that the amount due was $15.92 and interest, and that on February 5, 1894, the purchaser would apply to the treasurer for a deed; and that the plaintiff, as purchaser, filed the affidavit of the posting of the notices as required by law. The deed then witnesses that in consideration of $18.92 the county treasurer grants, bargains, sells, and conveys unto the purchaser, and his heirs and assigns, forever, the property described.

It is next averred that the defendant county of Custer claims an interest by reason of a tax sale for the year 1891 for taxes of 1890, which claim was barred by the deed to plaintiff hereinbefore referred to; that notwithstanding said deed, and rights of plaintiff in the premises, the defendant Pressey claims an interest in said real estate. But, with reference thereto, the complaint alleges that all right, title, and interest of said Pressey to the said premises ceased and determined on the third day of March, 1894.

The prayer is that defendants be forever barred from all claim to any estate or inheritance, or freehold in said property. The record recites that the defendant Pressey had been regularly served and his default had been duly entered, according to law; that the cause came on regularly to be heard; that plaintiff appeared in person to offer proof to support the allegations of his complaint, but that the court refused to consider the said complaint upon the grounds that the facts in the said complaint alleged were not sufficient to confer jurisdiction upon the court, and that the court had no jurisdiction in the premises. To the refusal of the court to consider the complaint, the plaintiff duly excepted, and appeals from the order of the court in such refusal.

*J. E. Light*, for Appellant.

PER CURIAM.—The reasons why the district court was of opinion that it had no jurisdiction do not appear in the ruling

made, and are not pointed out by any brief or argument of the respondent.    Fr·om an examination of the record, we believe there was jurisdiction.

It appears that the action was not commence·l until the time for redemption was passed    Summons was regularly served.    The district court has jurisdiction to hear and determine actions to quiet title to, or remove a cloud upon, a title to realty, and to render a judgment thereon.    The plaintiff had a deed of the property sold, which, by section 132, p. 115, laws 1891, conveyed to him, as grantee, "absolute title to the lands described therein as of the date of the expiration of the period for redemption, free of all incumbrances except the lien for taxes which may have attached subsequent to the sale."

Perhaps the complaint is fatally bad, but, if so, it is not attacked by demurrer, and is not now for review by th s court. The only question is, was the court correct in refusing to consider the case for want of jurisdiction ?    We do not detect any lack of jurisdiction upon the facts of the record.

The action of the court, refusing to consider plaintiff's complaint, must be reversed.

*Reversed.*

DE WITT, J., not sitting.    .